PER CURIAM.
Upon review and consideration of the briefs, record on appeal and oral argument we are of the opinion that the final judgment of dissolution should be affirmed in all respects except as to the determination that the wife’s transfer of her interest in the jointly held Travelodge property constituted a gift.
A review of the record reflects, among other things, that the property in question was originally acquired by the husband in 1963 with title to the property taken in joint names. The property was conveyed to a third party in 1971 with the conveyance accomplished by the wife signing a contract for the purchase and sale and signing a deed of conveyance to the purchaser. The record clearly reflects that at the time the wife signed the check she was bedridden and could not even endorse the check her *1178 self; her husband had to put the pencil in her hand when she signed the check. Moreover, the husband admitted that there was no conversation whatsoever concerning the purpose of this endorsement or the fact that the wife might be giving the husband half of the cash.
There was a mortgage on the subject property in the joint names of the parties. When the property was sold the husband took back the purchase money mortgage of $1,000,000 in his name alone.. The cash realized at the sale ($170,226.98) was reflected by a check made payable jointly to the husband and wife; the wife subsequently endorsed the check to the husband.
It is our opinion from a review of the totality of thé circumstances surrounding this transaction that the transfer in question did not constitute a gift by the wife to the husband of her interest in the jointly held property. Cf. Lerner v. Lerner, 113 So.2d 212 (Fla.2d DCA 1959). In this regard the learned trial judge misconceived the legal effect of the evidence.
Accordingly, the wife’s claim for a one-half interest in the subject property in question is recognized and the cause is remanded to the trial court for such other proceedings as may be consistent with this opinion.
MAGER, C. J., and CROSS, J., concur.
TROWBRIDGE, C. PFEIFFER, Associate Judge, dissents.